**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**HARRY TAYLOR, Defendant**

High Court of American Samoa
Trial Division

CR No. 8-90

August 7, 1990

Before REES, Associate Justice.

Counsel: For Plaintiff, John W. Cassells and Jeffrey Buckner, Assistant Attorneys General
For Defendant, Barry I. Rose, Assistant Public Defender

On July 23, 1990, the Court held a hearing pursuant to A.S.C.A. § 46.1301 et seq. to determine whether the defendant is mentally competent to stand trial.

Counsel for the defendant presented the testimony of a psychiatrist who had examined the defendant on several occasions. His testimony was to the effect that defendant is almost certainly afflicted by a mental disorder called "dementia," probably caused by one or more mild strokes and/or a chronic deficiency of the blood supply to the brain, and characterized by symptoms including serious gaps in memory and cognitive functions.

The testimony of this witness was that defendant's mental problems were related to and aggravated by serious physical illnesses. He testified that defendant had a long history of heart disease, had probably suffered at least one mild stroke, had recently experienced convulsions which were probably associated with epileptic seizures, and that during a recent medical examination the defendant had undergone a "cardiac crisis" in which his blood pressure rose to an extraordinary level which presented not only an imminent threat to defendant's life but also a severe obstruction to the exercise of cognitive and other mental functions. The psychiatrist testified that defendant generally had a good memory of the events surrounding the incident in which he is charged, but was unable to understand the pending criminal proceedings or to effectively assist in his own defense.

The defense also presented the testimony of the Assistant Public Defender and of an interpreter employed by the Public Defender's office concerning the difficulties they had experienced in communicating with the defendant. They testified that these difficulties were unique in their experience and were not adequately explained by intercultural problems or deficiencies in education or intelligence. All witnesses testified that they were convinced the defendant was not malingering; on the contrary, they all testified to their conviction that he earnestly wishes to assist in his own defense but suffers from mental disorders that make it impossible for him to do so.

45

The Government presented a report from a psychologist who had examined the defendant. Through no fault of counsel for the Government, the psychologist did not appear at the hearing. The psychologist's written report concludes that defendant is competent to stand trial. The basis for this conclusion is said to be interviews conducted with the defendant and with others who know the defendant, and also certain psychological tests specially designed to measure the various components of mental competence to stand trial. Unfortunately, the psychologist's report tells us nothing whatever about defendant's performance on these tests. The report's conclusions appear to be related exclusively to the psychologist's observation that defendant remembers and understands the events surrounding the incident with which he is charged, and also has an understanding of such things as the functions of judge, jury, and prosecutor. These observations concern matters that were never seriously in doubt and do not address the questions raised by the defense evidence. It also appears that defendant failed to answer a single question on at least one of the tests, although the psychologist's report gives no hint of this. Moreover, one of the persons said to have been interviewed by the psychologist testified that he has no recollection of such an interview.

Despite the serious deficiencies in the psychologist's report, the question of mental competence is not free from doubt. Defendant does seem to be a reasonably intelligent individual; among the actions, opinions, fears, and fixations cited by the psychiatrist as evidence of dementia were several that do not strike the Court as unusual or even particularly unreasonable. Even if defendant's current physical and mental state is such that he could not presently assist in his own defense, it is not at all clear that this condition is a permanent one.

The preponderance of the evidence presented at the hearing, however, is to the effect that defendant is presently incompetent. A.S.C.A. § 46.1305 requires that a mentally incompetent defendant shall be ordered confined in the Correctional Facility or such other place as the Court shall designate, for a period not to exceed 120 days. Within 120 days a further hearing shall be held to determine whether the defendant has become competent to stand trial and, if not, whether there is a substantial probability that he will attain competency within one year or the maximum term of imprisonment that may be imposed for the crime charged.

The Court therefore orders that the defendant be confined in the Tafuna Correctional Facility pending a further hearing on his

46

competency, which is hereby scheduled for Wednesday, December 5, 1990. At this hearing the Court anticipates that the Government shall present the testimony of at least one expert witness who has examined the defendant. The Court may also order its own examination as provided by A.S.C.A. § 46.1303.

During his confinement the defendant is to receive regular medical treatment for his heart condition; he should also undergo diagnosis and treatment, where indicated, for any other physical or mental disorders. The Government may provide this treatment in the Tafuna Correctional Facility or, if warranted in the best judgment of the appropriate officials of the Department of Public Safety and the LBJ Tropical Medical Center, may transport the defendant between the Correctional Facility and the Medical Center for medical diagnosis and treatment on an outpatient basis, or confine him in a secure area within the Medical Center for inpatient diagnosis and treatment.

If the defendant is adjudged competent at the December 5 hearing, or at any subsequent time within the period prescribed by A.S.C.A. § 46.1305, he will stand trial for the serious crime with which he has been charged. If he remains incompetent, and if the Government believes that his mental disorder renders him a danger to himself or to others, resort may be had to civil commitment procedures.

It is so ordered.